ARDC No. 6199089                          3006465-MJM/WSH

## UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

OLGA MARQUEZ and EDUARDO MARQUEZ,

    Plaintiffs,

vs.

TARGET CORPORATION,

    Defendant.

No. 08 C 990

### ANSWER TO COMPLAINT AT LAW
### AND AFFIRMATIVE DEFENSES

### COUNT I
### (OLGA MARQUEZ v. TARGET CORPORATION)

NOW COMES Defendant, TARGET CORPORATION, by and through its attorneys, SmithAmundsen LLC, and as for its Answer to the allegations in Count I of Plaintiff's Complaint at Law filed against it herein, states as follows:

1. On the 9th day of June, 2007, the defendant, TARGET CORPORATION, either owned, operated, managed, maintained or controlled certain premises located at 2901 S. Cicero Avenue, in the Town of Cicero, County of Cook, and State of Illinois.

    **ANSWER:** **Defendant, TARGET CORPORATION, admits that on June 9, 2007 it owned, operated and managed and maintained certain premises located at 2901 S. Cicero Ave. in Cicero, Cook County, Illinois. What is not specifically admitted is denied.**

1

2. On the 9th day of June, 2007, the plaintiff, OLGA MARQUEZ, was a pedestrian lawfully walking inside the above-described premises located at 2901 S. Cicero Avenue, in the Town of Cicero, County of Cook, and State of Illinois.

**ANSWER: This Defendant has insufficient knowledge and information in which to form a belief as to the truth or falsity of the allegations set forth in Paragraph 2 of Count I of Plaintiff's Complaint at Law and therefore neither admits nor denies same, but demands strict proof thereof.**

3. It was the duty of the defendant, TARGET CORPORATION, to exercise ordinary care and caution in the ownership, management, maintenance and control of the said premises.

**ANSWER: This Defendant admits all duties imposed upon it by operation of law, but denies the allegations in Paragraph 3 of Count I of Plaintiff's Complaint at Law since duty arises by operation of law and not by the conclusions of the pleader.**

4. Not regarding the duty as aforesaid, the defendant TARGET CORPORATION was guilty of one or more of the following careless and negligent acts or omissions:

(a) carelessly and negligently failed to properly inspect the floor used by customers at said premises;

(b) carelessly and negligently caused an unnatural accumulation of water or other liquid to be on the floor used by customers at the premises;

(c) carelessly and negligently allowed the said floor used by customers at said premises to contain an unnatural accumulation of water or other liquid, creating a dangerous condition;

(d) carelessly and negligently failed to remove the unnatural accumulation of water or other liquid from the floor used by customers at the said premises;

(e) carelessly and negligently failed to give timely and sufficient warnings of the unnatural accumulation of water or other liquid, or otherwise dangerous conditions on the floor at the said premises.

**ANSWER: This Defendant denies the allegations set forth in Paragraph 4 of Count I of the Plaintiff's Complaint at Law including subparagraphs (a) through (e) and each of them.**

5.  As a direct and proximate result of the careless and negligent acts of the defendant, TARGET CORPORATION, the plaintiff was caused to fall to the ground while walking upon or along the said area.

**ANSWER: This Defendant denies the allegations set forth in Paragraph 5 of Count I of the Plaintiff's Complaint at Law.**

6.  As a direct and proximate result of the aforesaid, the plaintiff, OLGA MARQUEZ, suffered injuries of a personal and pecuniary nature, including but not limited to medical expenses, pain and suffering, lost earnings, and physical and emotional trauma, all of which are permanent.

**ANSWER: This Defendant denies the allegations set forth in Paragraph 6 of Count I of the Plaintiff's Complaint at Law.**

WHEREFORE, the Defendant, TARGET CORPORATION, prays that Count I of Plaintiff's Complaint at Law be dismissed with prejudice at the cost of the Plaintiff.

## COUNT II
### (EDUARDO MARQUEZ v. TARGET CORPORATION)

NOW COMES Defendant, TARGET CORPORATION, by and through its attorneys, SmithAmundsen LLC, and as for its Answer to the allegations in Count II of Plaintiff's Complaint at Law filed against it herein, states as follows:

1-6. Plaintiff EDUARDO MARQUEZ realleges paragraphs one (1) through six (6)

3

of Count I as if the same were set forth herein as paragraphs one (1) through six (6) of this Count II.

> **ANSWER: This Defendant adopts its answers to Paragraphs 1 through 6 of Count I as and for its answers to Paragraphs 1 through 6 of Count II of the Plaintiff's Complaint at Law as though fully set forth herein.**

7. Prior to the 9th day of June, 2007, the plaintiff, EDUARDO MARQUEZ, was legally married to OLGA MARQUEZ, and, as husband and wife, each became entitled to the companionship, society, guidance, material services and consortium of their respective spouses.

> **ANSWER: This Defendant has insufficient knowledge and information in which to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of Count II of Plaintiff's Complaint at Law and therefore neither admits nor denies same, but demands strict proof thereof.**

8. As a result of the injuries to OLGA MARQUEZ, the plaintiff, EDUARDO MARQUEZ, was deprived, and will in the future be deprived, of the companionship, society, guidance, material services and consortium of his spouse, OLGA MARQUEZ.

> **ANSWER: This Defendant denies the allegations set forth in Paragraph 8 of Count II of the Plaintiff's Complaint at Law.**

WHEREFORE, the Defendant, TARGET CORPORATION, prays that Count II of Plaintiff's Complaint at Law be dismissed with prejudice at the cost of the Plaintiff.

## FIRST AFFIRMATIVE DEFENSE TO COUNTS I and II
### (Contributory Negligence)

NOW COMES the Defendant, TARGET CORPORATION, by and through its attorneys, SmithAmundsen LLC, and as for its First Affirmative Defense to the allegations of Counts I and II of Plaintiffs' Complaint at Law filed against it herein, states as follows:

1. That before and at the time of the occurrence alleged in Counts I and II of the Plaintiffs' Complaint at Law, the Plaintiff, OLGA MARQUEZ, was under a duty to exercise ordinary care for her own safety.

2. That if Plaintiffs were injured and sustained damages as alleged in Counts I and II of the Complaint at Law, then said injuries and damages were sustained as a direct and proximate result of OLGA MARQUEZ'S breach of this duty when she committed one or more of the following negligent acts and/or omissions:

   (a) Negligently and carelessly failed to keep a proper, or any, lookout ahead of and beneath her for water on the floor;

   (b) Negligently and carelessly failed to keep her person under proper and sufficient control so as to avoid slipping, tripping and/or falling;

   (c) Was inadvertent, unobservant, or otherwise careless or negligent at the time of her slip and fall.

   (d) Negligently and carelessly failed to walk around or otherwise avoid the open and obvious condition of spilled water on the floor of the Target store;

   (e) Negligently and carelessly failed to see the open and obvious condition of spilled water on the floor of the Target store;

WHEREFORE, this Defendant prays that if the trier of fact finds in favor of either Plaintiff on the issue of liability, that any award of damages to the Plaintiff or Plaintiffs be reduced by the percent of negligence attributable to OLGA MARQUEZ which caused or contributed to the plaintiffs' alleged injuries and damages.

### SECOND AFFIRMATIVE DEFENSE OF COUNTS I and II
### (Open and Obvious Condition)

NOW COMES the Defendant, TARGET CORPORATION, by and through its attorneys, SmithAmundsen LLC, and as for its Second Affirmative Defense to the allegations in Counts I and II of Plaintiffs' Complaint at Law filed against it herein, states as follows:

1. That before and at the time of the occurrence alleged in Counts I and II of Plaintiffs' Complaint at Law, the Plaintiff, OLGA MARQUEZ, was under a duty to exercise ordinary care for her own safety.

2. That if Plaintiffs were injured and sustained damages as alleged in Counts I and II of the Complaint at Law, then said injuries and damages were sustained as a direct and proximate result of OLGA MARQUEZ'S breach of this duty when she committed one or more of the following negligent acts and/or omissions:

   (a) Negligently and carelessly failed to walk around or otherwise avoid the open and obvious condition of spilled water on the floor of the Target store;

   (b) Negligently and carelessly failed to see the open and obvious condition of spilled water on the floor of the Target store;

WHEREFORE, this Defendant prays that if the trier of fact finds that the spilled water was a condition open and obvious to OLGA MARQUEZ, that it dismiss both Counts I and II of Plaintiffs' Complaint at Law with prejudice at the cost of the Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE OF COUNTS I and II
(Actual Notice)

NOW COMES the Defendant, TARGET CORPORATION, by and through its attorneys, SmithAmundsen LLC, and as for its Third Affirmative Defense to the allegations in Counts I and II of Plaintiffs' Complaint at Law filed against it herein, states as follows:

1. That before and at the time of the occurrence alleged in Counts I and II of the Plaintiffs' Complaint at Law, Defendant, TARGET CORPORATION, had no actual notice of the spilled water on the floor.

WHEREFORE, this Defendant prays that if the trier of fact finds that the Defendant had no actual notice of the spilled water on the floor, that it then dismiss Counts I and II of Plaintiffs' Complaint at Law with prejudice at the cost of the Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE TO COUNTS I and II
(Constructive Notice)

NOW COMES the Defendant, TARGET CORPORATION, by and through its attorneys, SmithAmundsen LLC, and as for its Fourth Affirmative Defense to the allegations in Counts I and II of Plaintiffs' Complaint at Law filed against it herein, states as follows:

1.　　That before and at the time of the occurrence alleged in Counts I and II of the Plaintiffs' Complaint at Law, Defendant, TARGET CORPORATION, had no constructive notice of the spilled water on the floor.

WHEREFORE, this Defendant prays that if the trier of fact finds that the Defendant had no constructive notice of the spilled water on the floor, that it then dismiss Counts I and II of Plaintiffs' Complaint at Law with prejudice at the cost of the Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE TO COUNTS I and II
(Failure to Mitigate)

NOW COMES the Defendant, TARGET CORPORATION, by and through its attorneys, SmithAmundsen LLC, and as for its Fifth Affirmative Defense to the allegations in Counts I and II of Plaintiffs' Complaint at Law filed against it herein, states as follows:

1.　　That before and at the time of the occurrence alleged in Counts I and II of the Plaintiffs' Complaint at Law, the Plaintiff, OLGA MARQUEZ, was under a duty to mitigate any and all possible damages after the incident.

2.　　Plaintiff, OLGA MARQUEZ, cannot recover damages that OLGA MARQUEZ could have prevented by exercising ordinary care and diligence when she learned or should have learned of the alleged breach of duty by Defendant.

3.　　By delaying and neglecting medical treatment, Plaintiff, OLGA MARQUEZ, failed to mitigate her damages.

WHEREFORE this Defendant prays that if the trier of fact finds that Defendant proves that OLGA MARQUEZ could have avoided some losses in whole or in part with reasonable efforts and ordinary care, that this Court diminish the recoverable damages due OLGA MARQUEZ and EDUARDO MARQUEZ in Counts I and II by the amount of losses OLGA MARQUEZ could reasonably have avoided.

SmithAmundsen LLC,

s/Michael J. McGowan
Michael J. McGowan
Attorney for TARGET CORPORATION

SmithAmundsen LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
312-894-3200

Firm ID: 42907                                                  3006465-MJM

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| OLGA MARQUEZ and EDUARDO MARQUEZ, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No.: 08 C 990 ) |
| TARGET CORPORATION, | ) ) |
| Defendant. | ) |

## AFFIDAVIT

MICHAEL J. MCGOWAN, being first duly sworn upon my oath, do depose and state that I am of legal age, suffering under no legal disability, and if called to testify at the above-captioned matter, would competently testify as follows:

1. He is one of the attorneys representing TARGET CORPORATION in this litigation.

2. He has read the allegations in Plaintiff's Complaint at Law.

3. He has discussed the allegations in Plaintiff's Complaint at Law with the appropriate officers of TARGET CORPORATION.

4. Insofar as any response contained in the Answer of TARGET CORPORATION to Plaintiff's Complaint at Law asserts insufficient knowledge upon which to base a belief as to the truth or falsity of an allegation, that response is accurate.

s/Michael J. McGowan
Michael J. McGowan

SIGNED and SWORN TO before me this 22 day of February, 2008
NOTARY PUBLIC

OFFICIAL SEAL
BETH CORONADO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/28/09

10