UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLGA MARQUEZ and EDUARDO MARQUEZ, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| versus | ) No. 08 C 990 |
| | ) |
| TARGET CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S AFFIRMATIVE DEFENSES**

NOW COME the Plaintiffs, OLGA MARQUEZ and EDUARDO MARQUEZ, by their attorneys, MUNDAY & NATHAN, and in Response to the Affirmative Defenses filed by the Defendant, TARGET CORPORATION, state as follows:

**PLAINTIFFS' RESPONSE TO FIRST AFFIRMATIVE DEFENSE TO COUNTS I AND II**
(Contributory Negligence)

1. That before and at the time of the occurrence alleged in Counts I and II of the Plaintiffs' Complaint at Law, the Plaintiff, OLGA MARQUEZ, was under a duty to exercise ordinary care for her own safety.

**RESPONSE: Plaintiff admits the allegations in paragraph one.**

2. That if Plaintiffs were injured and sustained damages as alleged in Counts I and II of the Complaint at Law, then said injuries and damages were sustained as a direct and proximate result of OLGA MARQUEZ'S breach of this duty when she committed one or more of the following negligent acts and/or omissions:

    (a) Negligently and carelessly failed to keep a proper, or any, lookout ahead of and beneath her for water on the floor;

1

(b) Negligently and carelessly failed to keep her person under proper and sufficient control so as to avoid slipping, tripping and/or falling;

(c) Was inadvertent, unobservant, or otherwise careless or negligent at the time of her slip and fall;

(d) Negligently and carelessly failed to walk around or otherwise avoid the open and obvious condition of spilled water on the floor of the Target store;

(e) Negligently and carelessly failed to see the open and obvious condition of spilled water on the floor of the Target store.

**RESPONSE: Plaintiff denies the allegations in paragraph two, specifically denying subparagraphs (a) through (e), inclusive.**

WHEREFORE, the Plaintiffs pray that this Honorable Court strike and dismiss the Defendant's First Affirmative Defense to Counts I and II, and for any other relief this Court deems just and proper.

### PLAINTIFFS' RESPONSE TO SECOND AFFIRMATIVE DEFENSE TO COUNTS I AND II
(Open and Obvious Condition)

1. That before and at the time of the occurrence alleged in Counts I and II of the Plaintiffs' Complaint at Law, the Plaintiff, OLGA MARQUEZ, was under a duty to exercise ordinary care for her own safety.

**RESPONSE: Plaintiff admits the allegations in paragraph one.**

2. That if Plaintiffs were injured and sustained damages as alleged in Counts I and II of the Complaint at Law, then said injuries and damages were sustained as a direct and proximate result of OLGA MARQUEZ'S breach of this duty when she committed one or more of the following negligent acts and/or omissions:

(a) Negligently and carelessly failed to walk around or otherwise avoid the open and obvious condition of spilled water on the floor of the Target store;

2

    (b)    Negligently and carelessly failed to see the open and obvious condition of spilled water on the floor of the Target store;

**RESPONSE: Plaintiff denies the allegations in paragraph two, specifically denying subparagraphs (a) and (b).**

WHEREFORE, the Plaintiffs pray that this Honorable Court strike and dismiss the Defendant's Second Affirmative Defense to Counts I and II, and for any other relief this Court deems just and proper.

## PLAINTIFFS' RESPONSE TO THIRD AFFIRMATIVE DEFENSE TO COUNTS I AND II
### (Actual Notice)

1.    That before and at the time of the occurrence alleged in Counts I and II of the Plaintiffs' Complaint at Law, Defendant TARGET CORPORATION, had no actual notice of the spilled water on the floor.

**RESPONSE: Plaintiff denies the allegations in paragraph one.**

WHEREFORE, the Plaintiffs pray that this Honorable Court strike and dismiss the Defendant's Third Affirmative Defense to Counts I and II, and for any other relief this Court deems just and proper.

## PLAINTIFFS' RESPONSE TO FOURTH AFFIRMATIVE DEFENSE TO COUNTS I AND II
### (Constructive Notice)

1.    That before and at the time of the occurrence alleged in Counts I and II of the Plaintiffs' Complaint at Law, Defendant TARGET CORPORATION, had no constructive notice of the spilled water on the floor.

**RESPONSE: Plaintiff denies the allegations in paragraph one.**

WHEREFORE, the Plaintiffs pray that this Honorable Court strike and dismiss the Defendant's Fourth Affirmative Defense to Counts I and II, and for any other relief this Court deems just and proper.

## PLAINTIFFS' RESPONSE TO FIFTH AFFIRMATIVE DEFENSE TO COUNTS I AND II
### (Failure to Mitigate)

1. That before and at the time of the occurrence alleged in Counts I and II of the Plaintiffs' Complaint at Law, the Plaintiff, OLGA MARQUEZ, was under a duty to mitigate any and all possible damages after the incident.

**RESPONSE: Plaintiff admits the allegations in paragraph one.**

2. Plaintiff, OLGA MARQUEZ, cannot recover damages that OLGA MARQUEZ could have prevented by exercising ordinary care and diligence when she learned or should have learned of the alleged breach of duty by Defendant.

**RESPONSE: Plaintiff admits the allegations in paragraph two.**

3. By delaying and neglecting medical treatment, Plaintiff, OLGA MARQUEZ, failed to mitigate her damages.

**RESPONSE: Plaintiff denies the allegations in paragraph three.**

WHEREFORE, the Plaintiffs pray that this Honorable Court strike and dismiss the Defendant's Fifth Affirmative Defense to Counts I and II, and for any other relief this Court deems just and proper.

MUNDAY & NATHAN
33 North Dearborn St.
Suite 2220
Chicago, IL  60602
(312) 346-5678
ARDC No. 6230220

Respectfully submitted,

MUNDAY & NATHAN,

s/Jeffrey A. Schulkin
Attorney for Plaintiffs

4