UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLGA MARQUEZ and EDUARDO MARQUEZ, )<br>)<br>Plaintiffs, )<br>versus )    No. 08 C 990<br>)<br>TARGET CORPORATION, )<br>)<br>Defendant. ) | |

**REPORT OF PARTIES' PLANNING CONFERENCE**

1.  Pursuant to this court's order and Fed.R.Civ.P. 26(f), a conference was held on March 5, 2008. Participants to the conference were:

    Jeffrey A. Schulkin * for plaintiffs OLGA MARQUEZ and EDUARDO MARQUEZ

    Michael J. McGowan * for defendant TARGET CORPORATION

2.  Description of Claims.

    (a)   Plaintiffs claim that on June 9, 2007, OLGA MARQUEZ was lawfully walking in the Defendant's store when she was caused to slip and fall on water that had been spilled on the floor from a leaking water bottle, sustaining serious and permanent injury. Plaintiffs claim that the Defendant carelessly and negligently caused the trail of water to be on the floor when Defendant's employee was moving said water bottle prior to the incident.

    Plaintiffs also claim that the Defendant failed to properly inspect the floor, failed to properly remove the water from the floor, and failed to give timely and sufficient warnings of the dangerous condition. Plaintiffs claim that as a result of the negligence, OLGA MARQUEZ sustained a herniated disc that required spinal surgery, *inter alia*, and EDUARDO MARQUEZ suffered a loss of consortium. The case was initially filed in the Circuit Court of Cook County, Illinois, but was removed to this Honorable Court pursuant to the Defendant's Motion for Removal based on diversity of parties and the case value being in excess of $ 75,000.00, allowing for Federal jurisdiction.

    (b)   Defendant claims that it did not cause the water to be on the floor, and Defendant lacked actual or constructive notice of said water in sufficient time to have prevented the incident. Defendant also claims that the condition was open and obvious, and that OLGA MARQUEZ was negligent by failing to exercise reasonable care for her own safety at the time of the occurrence. Defendant further claims that Plaintiff OLGA MARQUEZ failed to properly mitigate her damages.

3. <u>Prospects of Settlement</u>.

    (a)    The parties discussed settlement possibilities at the conference. The Plaintiffs will determine the total amount of damages and make a settlement demand shortly, and the parties will exchange information and conduct discovery on the liability issues to determine the likelihood of a prompt resolution of this matter.

    (b)    Settlement cannot be fully evaluated prior to conducting discovery on the cause of the water being on the floor, notice of same to the Defendant, and the nature and extent of Plaintiffs' injuries and damages in this matter. The earliest date the parties will likely be prepared to attend a settlement conference (with clients) with the Court or other designated official, would be December 31, 2008, after the completion of fact discovery.

4. <u>Pre-Discovery Disclosures</u>.

The parties will exchange by April 2, 2008 the information required by Fed.R.Civ.P.26(a)(1).

5. <u>Discovery Plan</u>. The parties jointly propose to the Court the following discovery plan:

    (a)    Discovery will be needed on the following subjects:

        (1) the cause of the water being on the floor;
        (2) notice to the Defendant of the water being on the floor; and
        (3) the nature and extent of Plaintiff's injuries and damages, including spinal surgery.

    (b)    All non-expert fact discovery, including medical discovery, to be completed by December 31, 2008.

    (c)    Reports from retained experts under Rule 26(a)(2) due:
        - from Plaintiffs by January 28, 2009;
        - from Defendant by March 28, 2009.

    (d)    All retained expert depositions to be completed by April 28, 2009.

6. <u>Pretrial/Trial Plan</u>.

    (a)    Final Pretrial Order (in the form required by Local Rule 16.1(a) or by the Standing Order of the presiding trial judge) should be done by June 28, 2009.

    (b)    This case should be ready for trial by September 15, 2009.

7.    <u>Magistrate Judge Consent</u>.  All parties have executed a consent to have all proceedings, including trial and entry of final judgment take place before a magistrate judge.

The Court shall review the discovery plan and advise the parties of its approval or any modifications ordered. The Court shall also schedule court appearances as appropriate, including pretrial conferences. Court appearances require the presence of lead counsel or other counsel with sufficient knowledge of the case in order to discuss it intelligently.

**Date: March 28, 2008**    Respectfully submitted,

s/ Jeffrey A. Schulkin  
Attorney for Plaintiffs OLGA MARQUEZ  
and EDUARDO MARQUEZ  
MUNDAY & NATHAN  
33 N. Dearborn Street  
Suite 2220  
Chicago, IL 60602  
(312) 346-5678  
ARDC# 6230220

s/ Michael J. McGowan  
Attorney for Defendant  
TARGET CORPORATION  
Smith Amundsen LLC  
150 North Michigan Ave.  
Suite 3300  
Chicago, IL 60601  
(312) 894-3200  
ARDC# 6199089