Case 1:08-cv-00990  Document 29  Filed 04/29/2008  Page 1 of 6
04/21/2008  12:49  312-894-3316  SMITHAMUNDSEN:LLC  PAGE 02/06
Case 1:08-cv-00990  Document 26-2  Filed 04/25/2008  Page 1 of 5

~~Firm ID: 42907~~  3006465-MJM

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| OLGA MARQUEZ and EDUARDO MARQUEZ, ) ) ) Plaintiff, ) ) vs. ) ) TARGET CORPORATION, ) ) Defendant. ) | No.: 08 C 990 Presiding Magistrate Judge Sidney I. Schenkier |

### STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

1. This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.).

2. The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential". If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit, and the Court.

3. Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4. Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order. The parties,


EXHIBIT A

counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5. Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

6. If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 2 above. When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

8. If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9. ~~With respect to any communications to the Court including any pleadings, motions or other papers, all documents containing Confidential Material shall be communicated to the Court in a sealed envelope or other appropriate sealed container on which shall~~

In the event that documents containing Confidential Material are filed with the Court, the Court will use the procedures set forth in Local Rule 26.2(b) and (c) to determine whether the filing may be under seal, and if so, the manner in which they will be labeled and filed.

S.I.S.
04/29/08

Case 1:08-cv-00990   Document 29   Filed 04/29/2008   Page 3 of 6
04/21/2008 12:49   312-894-3316   SMITHAMUNDSEN:LLC   PAGE 04/06
Case 1:08-cv-00990   Document 26-2   Filed 04/25/2008   Page 3 of 5

~~be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the words "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER". All communications shall indicate clearly which portions are designated to be "Confidential". Any communications containing Confidential Material shall be returned to the submitting party upon termination of this Lawsuit (whether by dismissal or final judgment).~~

10.\* ~~The Clerk of this Court is directed to maintain all communications received by the Court pursuant to paragraph 9 above under seal. All such communications shall be maintained in the Court's file in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the following statement: "Enclosed are confidential materials filed in this case pursuant to a Protective Order entered by the Court, and the contents shall not be examined except pursuant to further order of the Court."~~

11. If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

12. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The parties shall have thirty days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have thirty days in which to make a motion for a protective order with respect to contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

13. Inadvertent failure to designate any material "Confidential" or shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

SIS 4/29/08

\* This Stipulated Protective Order shall not govern the use of Confidential Material at trial or in open evidentiary proceedings in open court. Any request for special handling of Confidential Material at those proceedings must be directed to the Judge presiding over that proceeding.

Case 1:08-cv-00990   Document 29   Filed 04/29/2008   Page 4 of 6
04/21/2008  12:49  312-894-3315           SMITHAMUNDSEN;LLC                    PAGE  05/06
Case 1:08-cv-00990   Document 26-2   Filed 04/25/2008   Page 4 of 5

14. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

15. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

16. Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party. In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this Order. Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.

17. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

IT IS SO STIPULATED:

_____          Date: 4/21/08
Attorney for Plaintiff, Jeffrey A. Schulkin

_____          Date: 4.21.08
Attorney for Defendant, Michael J. McGowan

IT IS ORDERED:

Dated: _____

04/29/08

04/21/2008 12:49 312-894-3316 SMITHAMUNDSEN LLC PAGE 06/06

Case 1:08-cv-00990 Document 29 Filed 04/29/2008 Page 5 of 6
Case 1:08-cv-00990 Document 26-2 Filed 04/25/2008 Page 5 of 5

## CONFIDENTIALITY AGREEMENT

BEING DULY SWORN, I hereby attest to the following:

(1) It is my understanding that confidential information will be provided to me pursuant to the terms and restrictions of the Protective Order entered in **Olga Marquez and Eduardo Marquez v. Target Corporation** by the United States District Court Northern District of Illinois, Eastern Division ("Court").

(2) I have been given a copy of and have read the Protective Order and have had its meaning and effect explained to me by the attorneys providing me with such confidential information, and that I hereby agree to be bound by it.

(3) I further agree that I shall not disclose such confidential information to others, except in accordance with the Protective Order.

(4) It is my understanding that if I fail to abide by the terms of the Protective Order then I may be subject to sanctions imposed by the Court for such a failure.

(5) I hereby consent to the jurisdiction of the Court for purposes of enforcing the Protective Order.

Dated: 4/24/08      Signature: /s/

Printed Name: Jeffrey Schulman

Subscribed and sworn to
before me this 24 day of
April 2008.

Witness my hand and official seal,

_____
Notary Public

3006465-MJM/CMK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OLGA MARQUEZ and<br>EDUARDO MARQUEZ,<br><br>   Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 08 C 990<br><br>Presiding Magistrate<br>Judge Sidney I. Schenkier |

### NOTICE OF MOTION

TO:   Jeffrey A. Schulkin, Munday & Nathan, 33 North Dearborn Street, Suite 2220, Chicago, IL 60602

**On April 30, 2008 at 8:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Sidney I. Schenkier** or any Judge sitting in that Judge's stead, in the courtroom usually occupied by him, located at **Room 1700** of the **United States District Court, Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois 60604,** and present the attached **Motion for Entry of Stipulated Protected Order,** for hearing instanter.

Name  SmithAmundsen LLC                          Atty. No. 6276278
Address  150 North Michigan Avenue, Suite 3300   Attorney for Defendant
City/State/Zip  Chicago, IL 60601                Telephone (312) 894-3200

### PROOF OF SERVICE BY DELIVERY

I,_____, the attorney/non-attorney certify that on the _____ day of _____, _____, I served this notice by delivering a copy personally to each person to whom it is directed.

Date_____, _____

_____
Signature/Certification

### CERTIFICATE OF SERVICE

I, Julia Crews, after being first duly sworn on oath, depose and state that I served this Notice, together with the documents herein referred, to the above-named attorneys at the addresses listed by having a copy e-filed on April 25, 2008.

*Julia Crews*

SUBSCRIBED and SWORN to before
me this 25th day of April, 2008.

*Jacqueline Y Smith*
Notary Public

[OFFICIAL SEAL
JACQUELINE Y SMITH
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/18/11]